

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OCI CHEMICAL CORPORATION AND<br>OWENS-ILLINOIS DE PUERTO RICO<br>　　　　　Plaintiffs<br><br>versus<br><br>BARGE GLOBAL TRADER AND M/V<br>DORADO, HER ENGINES, TACKLE,<br>APPAREL, ETC., *IN REM,* AND<br>GLOBAL INTERNATIONAL MARINE,<br>INC., *IN PERSONAM*<br>　　　　　Defendants | CIVIL ACTION<br>NO.  06-0371<br>　　SECT. R MAG. 5 |

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

　　The Complaint of OCI Chemical Corporation and Owens-Illinois De Puerto Rico against the Barge GLOBAL TRADER and M/V DORADO, *in rem,* and Global International Marine, Inc., *in personam,* in a cause of cargo loss, civil and maritime, allege upon information and belief, as follows:

1.

　　This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1333 and

28 U.S.C. §1332, as there is diversity of citizenship and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

FIRST CAUSE OF ACTION

2.

At all times pertinent hereto, plaintiff, OCI Chemical Corporation (hereinafter "OCI") was, and now is, a foreign corporation duly organized, created and existing pursuant to the laws of the State of Connecticut, with its principal place of business located in Shelton, Connecticut, and who was the owner of a certain cargo of soda ash as described more fully below.

3.

At all times pertinent hereto, plaintiff, Owen-Illinois De Puerto Rico (hereinafter "Owens-Illinois") was, and now is, a foreign corporation duly organized, created and existing pursuant to the laws of a foreign country, with its principal place of business in Vega Alta, Puerto Rico, and who was the owner of a certain cargo of soda ash as described more fully below.

4.

At all times pertinent hereto, the Barge GLOBAL TRADER was a general cargo barge engaged in the common carriage of cargo by water for hire, and is now or will be during the pendency of process herein within this District and within the jurisdiction of this Honorable Court.

5.

At all times pertinent hereto, the M/V DORADO was a towing vessel engaged in the service of towing cargo barges for hire, and is now or will be during the pendency of process herein within this District and within the jurisdiction of this Honorable Court.

6.

At all times pertinent hereto, defendant, Global International Marine, Inc., (hereinafter "GIMI") was and still is a Louisiana corporation authorized to do and doing business in the State of Louisiana, and which at all times pertinent hereto, was the owner, operator, manager and/or charterer of a number of vessels engaged in the common carriage of cargo, including the cargo described herein below, as a common carrier on the high seas for hire and was at all times pertinent hereto the owner, operator, manager and/or charterer of the Barge GLOBAL TRADER and M/V DORADO.

7.

On or about January 18, 2005, a cargo of soda ash, in good order and condition, was loaded aboard Barge GLOBAL TRADER at Port Arthur, Texas for carriage to San Juan, Puerto Rico, all in consideration of an agreed freight and accordance with the terms of one or more Bills of Lading including, but not necessarily limited to, Bill of Lading No. 1, which Bill of Lading was issued as a clean, negotiable Bill of Lading from Port Arthur, Texas to San Juan, Puerto Rico, dated January 18, 2005, and which Bill of Lading was then and there signed and delivered to the shipper of said cargo by the duly authorized agent, representative and/or employee of defendant, GIMI, and Barge GLOBAL TRADER. Plaintiffs refer to said Bill of Lading for greater certainty as to the contract of carriage which it represents and will produce the original copy thereof at trial.

8.

Thereafter, the Barge GLOBAL TRADER, under tow of the M/V DORADO, and with the cargo of soda ash on board, departed from Port Arthur, Texas and subsequently arrived at the Port of San Juan, Puerto Rico, where the subject cargo was delivered not in the same good order

and condition as when delivered to defendants at the port of shipment, but on the contrary, the cargo was found to have been damaged and contaminated by wetness, all as a result of the negligence of defendants or those for whom they are reasonable and/or from the breach of defendants' obligations under the governing contract(s) of carriage and/or under the Carriage of Goods by Sea Act (COGSA) (46 U.S.C. §1300 et seq.) and/or the Harter Act (46 U.S.C. §190 et seq.) and/or bailment and/or under some other governing scheme of liability and/or from the unseaworthiness of the Barge GLOBAL TRADER and/or MV DORADO.

9.

At all times pertinent hereto, plaintiffs were the owner for value of the cargo mentioned above and covered by the Bill of Lading No. 1. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the cargo herein referred to as their respective interests may ultimately appear.

10.

Plaintiffs and their predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said Bill of Lading.

11.

As a result of the aforesaid water contamination and physical damage to the cargo of soda ash, plaintiffs have sustained a loss in the amount of $83,285.00, no part of which has been paid, although duly demanded.

12.

By reason of the premises, plaintiffs have maritime liens against the Barge GLOBAL TRADER and the M/V DORADO, her engines, boilers, etc., for the aforesaid loss in the amount of $83,285.00 with interest thereon and all their costs and disbursements, and plaintiffs are

entitled to be paid by preference and priority from the sale of said vessels.

13.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the United States District Courts.

14.

All and singular the matters aforesaid are true and correct.

## SECOND CAUSE OF ACTION

15.

Plaintiffs reiterate and reaver all of the allegations contained in their First Cause of Action as though copied herein *in extenso*.

16.

The aforesaid loss of plaintiffs cargo was due to the unseaworthiness of the M/V DORADO, as she was unfit, underpowered, and undermanned to make the crossing of the Gulf of Mexico from Port Arthur, Texas to San Juan, Puerto Rico with the loaded Barge GLOBAL TRADER in tow.

## THIRD CAUSE OF ACTION

17.

Plaintiffs reiterate and reaver all of the allegations contained in their First Cause of Action as though copied herein *in extenso*.

18.

The aforesaid loss of plaintiffs cargo was due to the negligence of defendant, GIMI, in proceeding through a route across the Gulf of Mexico from Port Arthur, Texas to San Juan, Puerto Rico which exposed the loaded Barge GLOBAL TRADER to heavy winds and high seas.

WHEREFORE, Plaintiffs OCI Chemcial Corporation and Owens-Illinois De Puerto Rico pray:

1. That the Clerk of Court issue a warrant for the arrest and seizure of the Barge GLOBAL TRADER and M/V DORADO, her engines, boilers, etc., and that all persons claiming any right, title, or interest in said vessels, be summoned to appear and to answer under oath the matters aforesaid, and that said vessels be condemned and sold to pay the demands as aforesaid, with interest, costs, and disbursements;

2. That Defendant, Global International Marine, Inc. be served with copies of this Complaint, together with a Summons to appear and answer under oath the matters aforesaid;

3. That the Court order, adjudge and decree that Defendants, Global International Marine, Inc., and the Barge GLOBAL TRADER and the M/V DORADO pay to plaintiffs the losses sustained by them, together with interest thereon and their costs and disbursements; and

4. That Plaintiffs have such other and further relief in the premises as in law and justice they may be entitled to receive.

Respectfully submitted,

MONTGOMERY, BARNETT, BROWN, READ,
 HAMMOND & MINTZ, LLP

BY: _____
PHILIP S. BROOKS, JR. [#21501] T.A.
MICHAELA E. NOBLE (#28173)
3300 Energy Centre
1100 Poydras Street
New Orleans, La. 70163-3200
Phone: (504) 585-7648
Fax: (504) 585-7688
Attorneys for Plaintiffs


**PLEASE WITHHOLD SERVICE ON:**

Barge GLOBAL TRADER
M/V DORADO


**PLEASE ISSUE SUMMONS FOR SERVICE TO:**

Global International Marine, Inc.
Through its registered agent for service of process:
Thomas M. Hebert
119 Exeter Run
Houma, Louisiana 70360

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

    BEFORE ME, the undersigned authority, personally came and appeared:

PHILIP S. BROOKS, JR.

who deposed and said that he is a partner in the firm of Montgomery, Barnett, Brown, Read, Hammond & Mintz, LLP, attorneys for plaintiffs herein; that he has read the foregoing Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents furnished to him by plaintiffs; that the reason this verification is made by deponent and not by plaintiffs is that plaintiffs are corporations no officers of which are now within this district.

                                              PHILIP S. BROOKS, JR.

Sworn to and subscribed before me,
this 27 day of Jan 2006.

                NOTARY PUBLIC

Michaela Noble
Bar No. 28173

h:\pbrooks\XCHANGING CLAIMS\GLOBAL TRADER 9987.15\Complaint.wpd

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

**06-0371**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
OCI CHEMICAL CORPORATION AND OWENS-ILLINOIS DE PUERTO RICO

**DEFENDANTS** BARGE GLOBAL TRADER AND M/V DORADO, HER ENGINES, TACKLE, APPAREL, ETC., IN REM AND GLOBAL INTERNATIONAL MARINE, INC. IN PERSONAM

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PHILIP S. BROOKS, JR.
MONTGOMERY, BARNETT et al.
1100 POYDRAS ST., SUITE 3200
NEW ORLEANS, LA 70163-3200
585-3200

Attorneys (If Known)

**SECT. R MAG. 5**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. § 1300 et seq., 46 U.S.C. § 190
Brief description of cause: Cargo damage

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 83,285.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/27/06
SIGNATURE OF ATTORNEY OF RECORD [signature: Philip S. Brooks]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____